NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| ANTHONY S. MORELLI, | Civil Action No.: 10-5493  (JLL) |
|---|---|
| Plaintiff, | |
| v. | |
| COUNTY OF HUDSON, et al., | OPINION |
| Defendants. | |

**LINARES,** District Judge.

This matter comes before the Court by way of a motion to dismiss Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Defendant Thomas McCann.  This motion is returnable today, March 7, 2011.  The Court has considered the submissions made in support of and in opposition to the instant motion.  No oral argument was heard. Fed. R. Civ. P. 78. Based on the reasons that follow, Defendant's motion is granted.  Plaintiff is granted thirty (30) days in which to file an Amended Complaint which cures the pleading deficiencies in those claims discussed below.

## BACKGROUND

The relevant facts are as follows.  Plaintiff is a truck driver employed by Hudson County. (Compl., ¶ 6).  Plaintiff has been employed by Hudson for several years.  (Id.).  Throughout the course of his employment, Plaintiff made several complaints of occupational health and safety violations by Defendant.  (Id., ¶ 7).  For instance, Plaintiff made several complaints to management

of inferior and/or broken equipment. (Id., ¶ 9). Plaintiff also complained about a man caught illegally dumping oil. (Id., ¶ 9). Plaintiff also complained to Hudson County Executive Thomas DeGise of the use of government equipment by management officials for personal financial gain. (Id., ¶ 9). Plaintiff also complained of a variety of fire safety issues. (Id., ¶ 9). Such complaints were investigated by state agency officials and determined to be true violations. (Id., ¶ 7).

Prior to making such complaints, Plaintiff enjoyed a clean record at work. (Id., ¶ 8). After he made such complaints, Plaintiff was subjected to harassment, a hostile work environment and a series of "reprisals and retaliatory actions by management and their support staff." (Id., ¶ 10). For instance, Plaintiff was disciplined for not attending a meeting in which he requested a union representative to be present. (Id., ¶ 10). Defendant's management went so far as soliciting the intervention of co-workers to file complaints against Plaintiff in order to "place Plaintiff in a negative light, discipline Plaintiff on frivolous charges, as well as single Plaintiff out." (Id., ¶ 11). On another occasion, after Plaintiff notified Defendant of his intent to run for political office in Jersey City, he was approach by certain employees and advised that it would not be good for his career if he ran for political office. (Id., ¶ 12). Plaintiff had also asked to be transferred from the Parks Department several times – at one point even asking for an "emergency transfer" – but was denied such requests by Defendant Thomas McCann. (Id., ¶ 10). Defendant McCann oversees the Parks Department for Defendant Hudson County.(Id., ¶ 15). He was aware of Plaintiff's protected communications and "sanctioned, directed, and proposed actions to reprise and retaliate against Plaintiff." (Id., ¶ 15). In particular, Defendant McCann "personally directed the destruction of Plaintiff's career and livelihood because of making protected communications and exercising his right to freedom of speech." (Id., ¶ 15). Plaintiff was ultimately terminated from his employment

with the County of Hudson. (Id., ¶ 34).

In light of the foregoing, Plaintiff brings the following three claims against Defendant McCann: (1) deprivation of his first and fourteenth amendment rights in violation of 42 U.S.C. § 1983, (2) violation of the Conscientious Employee Protection Act, N.J.S.A. 34:19-1, et seq., and (3) a state law claim of breach of the implied covenant of good faith and fair dealing. Defendant McCann has filed a motion to dismiss each of these claims for failure to comply with the pleading requirements of Federal Rule of Civil Procedure 8(a).

## **LEGAL STANDARD**

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.1997). Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). With this framework in mind, the Court tuns now to Defendant's motion.

**DISCUSSION**

1. **Section 1983 Claims**

To establish section 1983 liability, a plaintiff must show "that the official acting under color of state law caused the deprivation of a federal right." Hafer v. Melo, 502 U.S. 21, 25 (1991) (quoting Kentucky v. Graham, 473 U.S. 159, 166 (1985)). This is because section 1983 itself is not a source of substantive rights, but provides a vehicle for vindicating the violation of rights created by the United States Constitution or federal law. See Graham v. Connor, 490 U.S. 386, 393-94 (1989); Morse v. Lower Merion School Dist., 132 F.3d 902, 907 (3d Cir. 1997). Plaintiff attempts to assert a section 1983 claim as against Defendant McCann based upon the alleged deprivation of his First and Fourteenth Amendment rights. Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotations omitted). The Court agrees that Plaintiff's section 1983 claim, as pled, fails to meet this standard.

As a preliminary matter, although Plaintiff's section 1983 claim is brought based upon a deprivation of his First and Fourteenth Amendment rights, Plaintiff's Complaint does not specify the basis of the Fourteenth Amendment claim and fails to contain any facts in support of such claim. For instance, it is unclear whether Plaintiff seeks to assert, inter alia, a violation of his substantive due process rights or his procedural due process rights. Therefore, Defendant McCann has not received fair notice of the basis of this Fourteenth Amendment claim and/or the grounds upon which it rests. See generally Phillips, 515 F.3d at 233. Thus, to the extent Plaintiff seeks to assert a section 1983 claim based upon the deprivation of his Fourteenth Amendment rights as against Defendant

McCann, this claim fails to meet the Rule 8(a) pleading requirements and is therefore dismissed without prejudice.

Similarly, to the extent Plaintiff's 1983 claim is based upon a deprivation of his First Amendment rights, Plaintiff has failed to interject sufficient facts to raise his right to relief above the speculative level. To state a claim for a violation of First Amendment rights under 1983, Plaintiff must allege that he engaged in "protected First Amendment activity" and that this activity "was a substantial factor" motivating Defendant McCann's alleged retaliation against him. See, e.g., Springer v. Henry, 435 F.3d 268, 275 (3d Cir.2006); Thomas v. Independence Twp., 463 F.3d 285, 296 (3d Cir. 2006) ("In order to plead a retaliation claim under the First Amendment, a plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action.").

The only substantive factual allegation[1] lodged against Defendant McCann is that Plaintiff had asked to be transferred from the Parks Department on several occasions, but was denied such requests by Defendant McCann. Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotations omitted). Plaintiff fails to allege when such alleged retaliatory actions were taken by Defendant McCann. Without such information, Defendant is not in a position to assess the timeliness of Plaintiff's claim. See generally Wallace v. Kato, 549 U.S. 384, 388 (2007) (noting that

---

[1] The remaining allegations concerning Defendant McCann (see Compl., ¶ 15) are bald assertions, which are conclusory at best, and thus do not benefit from the presumption of truthfulness. See Morse, 132 F.3d at 906.

5

a § 1983 cause of action accrues under federal law when the allegedly wrongful act occurred); Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (explaining that under the "Third Circuit rule," a defendant may prevail on the statute of limitations at the motion to dismiss stage "if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations."). Even beyond this deficiency, Plaintiff has failed allege sufficient facts in support of this claim that would raise the required inference of a "causal link between" Plaintiff's exercise of his First Amendment rights ( i.e., his complaints of occupational health and safety violations by the County of Hudson) and the alleged retaliatory act ( i.e., Defendant McCann's denial of Plaintiff's request to be transferred from the Parks Department). A complaint must do more than allege a "mere possibility of misconduct." See Iqbal, 129 S.Ct. at 1950. Plaintiff's conclusory allegations regarding complaints made to an undisclosed person working for the County of Hudson Risk Management division[2] at an unspecified time, coupled with the bare allegation that Defendant McCann denied his request to be transferred from the Parks Department at some other unspecified time, together, fail to nudge his First Amendment claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 547.

In short, without more, Plaintiff's Complaint does not include sufficient information to give Defendant McCann fair notice of the 1983 claim(s) asserted against him and/or the grounds upon which it rests. See generally Phillips, 515 F.3d at 233. In light of the foregoing, Defendant McCann's motion to dismiss this claim, in its entirety, is granted.

---

[2] (Compl., ¶ 33).

## 2. Conscientious Employee Protection Act

Count Four of Plaintiff's Complaint alleges that Defendant McCann retaliated against him because of the complaints he reported internally to Risk Management, in violation of the New Jersey Conscientious Employee Protection Act ("CEPA"), N.J.S.A. 34:19-1, et seq. CEPA prohibits employers from taking any retaliatory action against an employee who reports suspected illegal activity. N.J.S.A. 34:19-3.

To establish a prima facie case under CEPA, Plaintiff must allege: (1) his reasonable belief that his employer's conduct violated a law, rule, or regulation; (2) a whistle-blowing activity; (3) an adverse employment action; and (4) a causal connection between the whistle-blowing activity and the adverse employment action. See Caver v. The City of Trenton, 420 F.3d 243, 254 (3d Cir. 2005); Dzwonar v. McDevitt, 177 N.J. 451, 462 (2003).

Plaintiff alleges that he "reasonably believed . . . there were obvious and multiple safety violations in the workplace and reported same to risk management internally." (Compl., ¶ 33). Plaintiff also alleges that he "reasonably believed that Defendant management employees were utilizing government resources for their and their friends' personal financial gain" and reported same to Hudson County Executive Thomas DeGise. (Id.). Plaintiff goes on to allege that his "objections to the safety violations and the subsequent reprisals and retaliation were determinative factors in Plaintiff's ultimate termination." (Compl., ¶ 34). Again, the only substantive allegations lodged against Defendant McCann are that McCann denied Plaintiff's request to transfer out of the Parks Department, even on an "emergency" basis. (Compl., ¶ 10).

Having carefully reviewed Plaintiff's allegations, the Court finds that Plaintiff has failed to plead any facts which could plausibly indicate a causal connection between complaints made by

Plaintiff (to undisclosed members of Risk Management at Hudson County and/or to Hudson County Executive Thomas DeGise at an undisclosed time) and McCann's denial of Plaintiff's request to transfer out of the Parks department (also at an undisclosed time).  Without more, Plaintiff has simply failed to raise his right to relief under CEPA (as against Defendant McCann) above the speculative level. See Twombly, 550 U.S. at 545 ("Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.").  Defendant McCann's motion to dismiss this claim is, therefore, granted.

### 3.     Breach of the Implied Covenant of Good Faith and Fair Dealing

Plaintiff's Complaint alleges that "none of the named Defendants may do anything that will thwart the Plaintiff's expectations or purpose under employment or deprive the Plaintiff of the benefit of employment." (Compl., ¶ 37).  Plaintiff goes on to allege that "[i]n interfering with the employment of Plaintiff, Individual Defendants and Defendant Hudson County breached the implied covenant of good faith and fair dealing." (Compl., ¶ 38).

Under New Jersey law, all contracts include an implied covenant that the parties to the contract will act in good faith. See Sons of Thunder. Inc. v. Borden, Inc., 148 N.J. 396, 420, 690 A.2d 575 (1997). The covenant "mandates that 'neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.' " Seidenberg v. Summit Bank, 348 N.J.Super. 243, 254, 791 A.2d 1068 (App. Div. 2002) (quotations omitted). Warning against overly broad constructions of the covenant of good faith, the New Jersey Supreme Court held that "an allegation of bad faith or unfair dealing should not be permitted to be advanced in the abstract and absent an improper motive." Brunswick Hills Racquet Club, Inc. v. Rte.

18 Shopping Ctr. Assoc., 182 N.J. 210, 231, 864 A.2d 387 (2005).

Plaintiff does not allege that he is or was ever a party to a contract, express or implied, with Defendant McCann. Defendant moves to dismiss this claim on the basis that Plaintiff cannot maintain a breach of implied covenant of good faith and fair dealing claim, which is implied in every contract, as against Defendant McCann because, "by definition, a non-party cannot breach a contract to which he is not a part." (Def. Br. at 9). In support of this position, Defendant cites to F.D.I.C. v. Bathgate, 27 F.3d 850, 876 -877 (3d Cir. 1994). There, the Third Circuit stated, in relevant part:

> We do not reach these issues because, as the Bank directors point out, "[e]ven assuming [the Bank] did owe Bathgate some added duty of good faith, [the Bathgate defendants] fail to cite a single case for the proposition that non-parties to a contract can be held liable for a breach of a contractual duty of good faith and fair dealing," and we believe that the New Jersey Supreme Court would not recognize such a claim, at least in the circumstances of this case.

Bathgate, 27 F.3d at 876-877. In the same vein, the Appellate Division has expressly recognized that "[i]n the absence of a contract, there can be no breach of an implied covenant of good faith and fair dealing." Noye v. Hoffmann-La Roche Inc., 238 N.J. Super. 430, 434 (App. Div. 1990).

Plaintiff cites nothing to the contrary and instead dedicates the bulk of its opposition to arguing the merits of a claim for tortious interference, despite the fact that no such claim is asserted in Plaintiff's Complaint. In light of the foregoing, the Court agrees that Plaintiff has failed to state a viable claim for breach of the implied covenant of good faith and fair dealing as against Defendant McCann inasmuch as Plaintiff does not allege that he ever entered into any type of contract, implied or express, with Defendant McCann; thus, there was no covenant of good faith and fair dealing for Defendant McCann to breach. See, e.g., Roberts v. Newark Public Schools, 232 Fed. Appx. 124, 128 (3d Cir. 2007) ("We continue with whether NPS and Alvarez's alleged blackballing breached the

9

implied covenant of good faith and fair dealing in his employment contract. The problem is that Roberts did not have an employment contract. He was an at-will employee, and, therefore, there was no covenant of good faith and fair dealing for his employer to breach."). Defendant's motion to dismiss this claim is, therefore, granted.

## CONCLUSION

Based on the reasons set forth above, Defendant McCann's motion to dismiss Plaintiff's Complaint is granted. Plaintiff's section 1983, CEPA and breach of the implied covenant of good faith and fair dealing claims, as against Defendant McCann, are dismissed without prejudice. To the extent the deficiencies in such claims can be cured by way of amendment, Plaintiff is granted thirty (30) days in which to file an Amended Complaint solely for purposes of amending such claims. To the extent Plaintiff seeks to add any additional claims, a formal motion to amend should be filed in accordance with all applicable local and Federal rules, as well as any scheduling orders which may be in place.

An appropriate Order accompanies this Opinion.

|  |  |
|---|---|
| | /s/ Jose L. Linares |
| | JOSE L. LINARES, |
| Date: March 7, 2011 | UNITED STATES DISTRICT JUDGE |